**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

CARMEN MEJIAS,

     Plaintiff,

     v.

COMMISSIONER, SOCIAL SECURITY
ADMINISTRATION,

     Defendant.

Civil No. 19-00082 (RMB)

**MEMORANDUM OPINION & ORDER**

**BUMB**, United States District Judge:

This matter comes before the Court upon an appeal by
Plaintiff Carmen Mejias from a denial of social security
disability benefits.

For the reasons set forth below, the Court vacates the
decision of the Administrative Law Judge ("ALJ") and remands for
proceedings consistent with this Memorandum Opinion and Order's
reasoning.

**I.**  **<u>STANDARD OF REVIEW</u>**

When reviewing a final decision of an ALJ with regard to
disability benefits, a court must uphold the ALJ's factual
decisions if they are supported by "substantial evidence." <u>Knepp
v. Apfel</u>, 204 F.3d 78, 83 (3d Cir. 2000); 42 U.S.C. §§ 405(g),
1383(c)(3).  "Substantial evidence" means "'more than a mere

scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Cons. Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)); <u>Plummer v. Apfel</u>, 186 F.3d 422, 427 (3d Cir. 1999).

In addition to the "substantial evidence" inquiry, the court must also determine whether the ALJ applied the correct legal standards. <u>See</u> <u>Friedberg v. Schweiker</u>, 721 F.2d 445, 447 (3d Cir. 1983); <u>Sykes v. Apfel</u>, 228 F.3d 259, 262 (3d Cir. 2000).  The Court's review of legal issues is plenary. <u>Sykes</u>, 228 F.3d at 262 (citing <u>Schaudeck v. Comm'r of Soc. Sec.</u>, 181 F.3d 429, 431 (3d Cir. 1999)).

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).  The Act further states,

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a

specific job vacancy exists for him, or whether he
    would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

    The Commissioner has promulgated a five-step, sequential

analysis for evaluating a claimant's disability, as outlined in

20 C.F.R. § 404.1520(a)(4)(i-v).  The analysis proceeds as

follows:

    At step one, the ALJ determines whether the claimant is
    performing "substantial gainful activity[.]" 20 C.F.R.
    §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If he is, he is
    not disabled. Id. Otherwise, the ALJ moves on to step
    two.

    At step two, the ALJ considers whether the claimant has
    any "severe medically determinable physical or mental
    impairment" that meets certain regulatory requirements.
    Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A "severe
    impairment" is one that "significantly limits [the
    claimant's] physical or mental ability to do basic work
    activities[.]" Id. §§ 404.1520(c), 416.920(c). If the
    claimant lacks such an impairment, he is not disabled.
    Id. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If he has
    such an impairment, the ALJ moves on to step three.

    At step three, the ALJ decides "whether the claimant's
    impairments meet or equal the requirements of an
    impairment listed in the regulations[.]" Smith, 631 F.3d
    at 634. If the claimant's impairments do, he is
    disabled.    20    C.F.R.    §§    404.1520(a)(4)(iii),
    416.920(a)(4)(iii). If they do not, the ALJ moves on to
    step four.

    At step four, the ALJ assesses the claimant's "residual
    functional capacity" ("RFC") and whether he can perform
    his    "past    relevant    work."2    *202    Id.    §§
    404.1520(a)(4)(iv),  416.920(a)(4)(iv).  A  claimant's
    "[RFC] is the most [he] can still do despite [his]
    limitations." Id. §§ 404.1545(a)(1), 416.945(a)(1). If
    the claimant can perform his past relevant work despite
    his  limitations,  he  is  not  disabled.  Id.  §§
    404.1520(a)(4)(iv), 416.920(a)(4)(iv). If he cannot,

the ALJ moves on to step five.

At step five, the ALJ examines whether the claimant "can make an adjustment to other work[,]" considering his "[RFC,] ... age, education, and work experience[.]" Id. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). That examination typically involves "one or more hypothetical questions posed by the ALJ to [a] vocational expert." Podedworny v. Harris, 745 F.2d 210, 218 (3d Cir. 1984). If the claimant can make an adjustment to other work, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If he cannot, he is disabled.

Hess v. Comm'r Soc. Sec., 931 F.3d 198, 201–02 (3d Cir. 2019).

## II.  **FACTS**

The Court recites only the facts that are necessary to its determination on appeal, which is narrow.

Plaintiff, who was under 50 years old at the alleged onset date, claims disability, in part, based on diagnoses of mental disabilities including depression, schizoaffective disorder, and post-traumatic stress disorder.

In support of her claim, Plaintiff provided voluminous treatment records from Nueva Vida of New Jersey Behavioral Health Center, including both an April 2017 "Adult Psychiatric Evaluation" (A.R. at 705-707) and a July 2017 "Medical Source Statement of Ability to Do Work-Related Activities (Mental)" (A.R. at 813-815) from her treating psychiatrist, Lydia C. Monte, M.D.  Dr. Monte diagnosed Plaintiff with schizoaffective disorder, post-traumatic stress disorder ("PTSD"), and

4

borderline personality features, and noted "marked" limitations
in Plaintiff's ability to, *inter alia*, "make judgments on
complex work-related decisions", "interact appropriately with
the public . . . supervisor)s . . . [and] co-workers, and
"moderate" limitations in her ability to "understand and
remember . . . [and] carry out simple instructions", "make
judgments on simple work-related decisions", and "respond
appropriately to usual work situations and to changes in a
routine work setting". (A.R. at 813-814)

## III. <u>ALJ'S DETERMINATION</u>

The ALJ found Plaintiff not disabled.  At Step Four of the
five-step sequential analysis, the ALJ concluded that Plaintiff
had "the residual function capacity to perform light work as
defined in 20 CFR 416.967(b). (A.R. at 25)  The ALJ did make
certain accommodations for Plaintiff's asserted impairments,
including that she "can have no more than occasional interaction
with the public". (A.R. at 25)  The ALJ gave "little weight" to
Dr. Monte's assessment that Plaintiff had "marked limitations in
her ability . . . to make judgments on complex work-related
decisions and interact appropriately with the public,
supervisors and co-workers", explaining, that "the treating
notes do not document or support such severe limitation". (A.R.
at 28)

At step five of the analysis, the ALJ determined that
Plaintiff was not disabled and could perform the occupations of
linen grader, housekeeper (night shift), or food maker
(Mexican), based on her residual functional capacity

## IV. **ANALYSIS**

Among other arguments, Plaintiff asserts that the ALJ erred
in concluding that Plaintiff's mental impairments did not
constitute a severe impairment[1] because the ALJ discounted
Plaintiff's treating psychiatrist's assessment for erroneous
reasons.  The Court finds that the ALJ's reasons for affording
little weight to the treating psychiatrist's assessment are not
supported by substantial evidence, and therefore the Court will
remand for further proceedings consistent with this Memorandum
Opinion and Order.

The Third Circuit "ha[s] consistently held that the ALJ
must give 'controlling weight' to the opinion of a treating
physician unless that opinion is not supported by 'medically
acceptable clinical and laboratory diagnostic techniques [or] is

---

[1]  "An impairment, once established, must be considered severe
unless the evidence demonstrates that it is merely a slight
abnormality, having no more than a minimal effect on an
individual's ability to work.  Reasonable doubts on severity are
to be resolved in favor of the claimant." Sincavage v.
Barnhart, 171 F. App'x 924, 926 (3d Cir. 2006) (citing and
quoting Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546–47 (3d
Cir. 2003)).

. . . inconsistent with the other substantial evidence in . . .
[the] record.'" <u>Masher v. Astrue</u>, 354 F. App'x 623, 628 (3d Cir.
2009) (<u>quoting</u> <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 43 (3d Cir.
2001)); 20 C.F.R. § 404.1527(d)(2).  In this case, the ALJ gave
less than controlling weight to Dr. Monte's July 2017 assessment
because the ALJ found that "the treating notes do not document
or support such severe limitation".[2] (A.R. at 28)

In his brief, the Commissioner supports the ALJ's
rationale, asserting that Dr. Monte's notes elsewhere had
"normal mental findings". (Def. Br. at 13 (citing A.R. 692,
700))  The Commissioner also makes the additional argument that
the ALJ correctly gave little weight to Dr. Monte's July 2017
assessment because a checkbox evaluation constitutes "weak
evidence at best" and that Dr. Monte's notes elsewhere had
"normal mental findings". (Def. Br. at 12)  Neither (a) the
ALJ's finding, nor (b) the Commissioner's post hoc
rationalization, however, is supported by the record.

With regards to (a), contrary to the ALJ's finding, Dr.
Monte's April 2017 psychiatric evaluation of Plaintiff,
conducted three months prior to the completion of the Medical
Source Statement, documents and supports severe limitations on
mental activity.  According to Dr. Monte's assessment, Plaintiff

---

[2] The ALJ made no reference to Dr. Monte's April 2017 assessment and notes.

presented as "severe" for the following behaviors: "depressed mood"; "crying"; "low energy"; "self isolation"; "anxiety"; "excessive worries"; "shakiness"; "nervousness" (with Dr. Monte's handwritten note "racing thoughts"); "violent urges" (with Dr. Monte's handwritten note "mood swing"). (A.R. at 705) Plaintiff is also noted as having "explosive behavior" 3-4 times per week, "panic attacks" twice a week, sleeping only 1-2 hours per night, having occasional flashbacks, and demonstrating paranoia. (A.R. at 705)  In this same written evaluation, Dr. Monte diagnosed Plaintiff with schizoaffective disorder, PTSD, and borderline personality features. (A.R. at 707)  The ALJ's opinion fails to explain how this evaluation insufficiently "documents or supports" the limitations advised by Dr. Monte in the July 2017 evaluation.  Thus, the Court cannot determine whether the ALJ properly discounted Dr. Monte's opinion in this regard.

With regard to (b), the Court holds that it would be error to discount Dr. Monte's assessment based on the form used to provide the assessment.  As the document itself plainly indicates, the Social Security Administration's Office of Disability Adjudication and Review approved the form for use in cases seeking disability benefits. (A.R. at 813)  The Commissioner cannot provide claimants with a specific form, only later to discount the information provided therein based on

nothing other than the format of that very form.  To hold

otherwise would be illogical and fundamentally unfair to

disability claimants.  The three-page form is a vehicle for

presenting potentially voluminous amounts of information in a

concise and easily accessible manner.[3]  Therefore, even in the

absence of the OAR's express approval of the form, the Court

would not find that the "check-box" nature of the form, in and

of itself, is sufficient justification to support departure from

the general rule that treating physicians' opinions are

typically given controlling weight.[4]  Moreover, this rationale

was not provided in the ALJ's opinion, and the Court cannot

---

[3]  Notably, the form does not consist of simple "yes" or "no"
questions.  With regard to various mental activities and
associated limitations, the form provides a continuum of several
possible answers, including "none", "mild", "moderate",
"marked", and "extreme."  Additionally, the form provides
multiple spaces for the assessor to "[i]dentify the factors . .
. that support your assessment", each of which Dr. Monte
completed.  (A.R. at 813-814).

[4]  This case is distinguishable from cases in which non-treating,
state agency physicians' reports have been discounted for using
brief, check-box forms that were not specifically approved by
the Social Security Administration.  See, e.g., Morales v.
Apfel, 225 F.3d 310, 320 (3d Cir. 2000) (discounting a "check-
list-style report" because it "was prepared without the benefit
of an examination of [Plaintiff].");  Mason v. Shalala, 994 F.2d
1058, 1065 (3d Cir. 1993) ("the report from the New Jersey
Division of Vocational Rehabilitation is but a two-page form,
entitled "General Basic Medical Examination," that requires the
physician only to check boxes and briefly to fill in blanks.
The report does not call for explanations of the examining
physician's medical conclusions-- and no such explanations
appear.").

determine whether it reflects the ALJ's process in weighing Dr. Monte's opinion.

Thus, the reasons provided in the ALJ's opinion and Commissioner's brief for discounting Dr. Monte's assessment of Plaintiff's mental impairment are not supported by the record. However, the Court concludes that remand, as opposed to reversal, is appropriate. As the ALJ's decision discusses, other medical evidence in the record potentially conflicts with Dr. Monte's assessment.[5] On remand, the ALJ may revisit her evaluation of Dr. Monte's assessment in light of all of the record evidence, weigh it against all other relevant record evidence, and perhaps arrive at the same decision.[6] At this juncture, however, the ALJ must revisit her analysis consistent with the law and record facts discussed herein. As such, the Court **vacates** the decision of the ALJ and **remands** for proceedings consistent with the above analysis.

---

[5] See, e.g., A.R. at 118-120 -- Ex. 1A; A.R. at 132-134 -- Ex. 3A.

[6] It is not for this Court to determine, in the first instance, whether other *potentially*-- but not necessarily-- inconsistent record evidence constitutes substantial evidence which would support affording Dr. Monte's assessment less than controlling weight. See Masher, 354 F. App'x at 628 (stating that a treating physician's assessment must be given controlling weight unless it is "inconsistent with the other substantial evidence in the record."). Upon remand of this case, the ALJ should conduct this inquiry.

**ACCORDINGLY**, it is on this <u>29th</u> day of **January, 2020**,

     **ORDERED** that the decision of the Administrative Law Judge is **VACATED** and the case is **REMANDED** for further proceedings consistent with this Memorandum Opinion; and it is further

     **ORDERED** that the Clerk of Court shall **CLOSE THIS CASE**.


                         ___s/ Renée Marie Bumb___
                         RENÉE MARIE BUMB, U.S.D.J.